**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHN D. THOMSON, an individual<br>Plaintiff,<br>vs.<br>HMC GROUP, a California Corporation, TORRANCE MEMORIAL MEDICAL CENTER, a California Corporation, and DOES 1 through 20, inclusive.<br>Defendants. | Case No: CV 13-03273 DMG (VBKx)<br>*[Assigned to District Judge Dolly M. Gee]*<br>**~~STIPULATION FOR ENTRY OF~~ PROTECTIVE ORDER**<br>Complaint filed: May 8, 2013 |

**1. PURPOSES AND LIMITATIONS**

THE DISCOVERY, PRE-TRIAL AND TRIAL PHASES of this action will involve disclosure of trade secrets and other confidential and proprietary business, technical, and financial information for which special protection from public disclosure and from use for any purpose other than prosecuting this matter would be warranted. The parties hereby stipulate to and petition the Court to enter the following order under Federal Rule of Civil Procedure 26(c). The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties have agreed that the terms of this Protective Order shall also apply to any future voluntary disclosures of confidential, proprietary, or private information. The parties reserve their rights to object to or withhold any information, including confidential, proprietary, or private information, on any other applicable grounds permitted by law, including third-party rights and relevancy.

**2. DEFINITIONS**

2.1. Document: shall be defined to mean any printed, typewritten, electronic, handwritten, digitally recorded or otherwise recorded material, including but not limited to, interrogatory answers, responses to requests for admission, pleadings, motions, briefs, affidavits, declarations, testimony, including deposition testimony, agreements, contracts, letters, memoranda, notes, agenda, minutes, records, resolutions, calendars, ledgers, reports, analysis, presentations, articles, photographs, spreadsheets, lists, manuals, electronic mail messages, databases, software, audiotape, videotape and film.

2.2. Confidential Information: information (regardless of how generated, stored, or maintained) or tangible things that qualify for protection under standards developed under Fed. R. Civ. P. 26(c).

2.3 Attorney Eyes' Only: discovery material or such portion of such material as consists of:

(a) any commercially sensitive and/or confidential business or financial information (including without limitation confidential nonpublic contracts, profitability reports or estimates, sales reports, and sales margins) which could reasonably create a competitive disadvantage if disclosed to the parties in this action;

(b) any business or financial information that is confidential, proprietary, or commercially sensitive to third parties who have had business dealings with parties to this action; or

(c) any other category of material or information hereinafter given CONFIDENTIAL status by the Court, to the extent said material could reasonably create a competitive disadvantage if disclosed to the parties in this action or to third parties.

2.4 Receiving Party: a Party that receives disclosure or discovery material from a Producing Party.

2.5 Producing Party: a Party or non-party that produces disclosure or discovery material in this action.

2.6 Designating Party: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

2.7 Protected Material: any disclosure or discovery material that is designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

**3. DESIGNATING PROTECTED MATERIAL**

3.1 Protected Material. Any party, non-party or witness may designate as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES ONLY" according to the procedures described in paragraphs 3, any Documents, information or testimony that contains, or which could lead to the disclosure of,

sensitive proprietary information, confidential business information, or confidential commercial information. All Confidential Information designated as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES ONLY" shall be subject to the provisions of this Protective Order.

3.2 Designation. If the Designating Party claims that any Confidential Information is confidential or contains confidential information, then the Designating Party shall mark the document with a stamp, notation or other appropriate means identifying it as: "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER."

3.3 Designating Deposition Testimony. A Designating Party may designate all or any portion of a deposition as confidential during or within ten (10) business days following delivery of a draft or final deposition transcript. If the designation is made during the deposition, the court reporter of the deposition containing such designated material shall transcribe separately testimony so designated and shall stamp or mark that testimony "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER." It shall not be necessary to designate specific testimony as confidential during the course of the deposition. All deposition transcripts, draft or final, shall be maintained as Confidential-Attorneys' Eyes Only for ten (10) business days following delivery of a draft or final deposition transcript by the stenographic reporter, to permit the parties to make any Confidential or Confidential-Attorneys' Eyes only designations. During this period, the Designating Party shall designate specific portions of the transcript and any exhibits as confidential and shall give written notice to opposing counsel of the specific portions of transcripts and specific exhibits which have been designated as confidential. Only such designated portions and exhibits shall be Confidential or Confidential-Attorneys' Eyes Only. During and after the deposition, until the

expiration of the above-described 10-day period, the entire transcript and any information derived therefrom may be disclosed only pursuant to the terms of this Protective Order.

**4. SCOPE**

The Protected Material subject to this Protective Order, and any and all knowledge or information derived therefrom, shall not be used by any party, expert, consultant, deponent or other non-Designating Party person or entity to whom such documents or materials are disclosed, for any business, commercial, media, or competitive purpose or for any other purpose whatsoever, other than preparation for trial, trial, and/or settlement of this action. The protections conferred by this Stipulation and Order cover not only Protected Material referenced above, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in litigation or in other settings that might reveal Protected Material.

**5. FILING CONFIDENTIAL INFORMATION**

If Protected Material is filed with the Court, it shall be filed under seal in accordance with L.R. 79-5.1 and marked substantially as follows:

> CONFIDENTIAL AND SUBJECT TO PROTECTIVE ORDER. IN ACCORDANCE WITH THE PROTECTIVE ORDER, THE ENCLOSURE(S) SHALL BE TREATED AS CONFIDENTIAL AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPH 8 OF THE PROTECTIVE ORDER.

Such Protected Material shall be opened only by the Court or by personnel authorized to do so by the Court. Any pleading, motion, brief, memorandum, or other filing with the Court that includes any discussion or analysis of, quotation

from, or substantive reference to any Protected Material shall be filed, together with an application for filing under seal in accordance with L.R. 79-5.1, and marked with the language specified in paragraph 6, above.

**6. DISCLOSURE OF CONFIDENTIAL INFORMATION**

Unless otherwise ordered by the Court, Confidential Information, including all information derived therefrom, but excluding documents marked "Confidential-Attorneys' Eyes Only – Subject to Protective Order" and all information derived therefrom, shall be restricted solely to the following persons, who are bound by the terms of this Protective Order, unless additional persons are agreed upon and stipulated to in writing by counsel or authorized by the Court:

a. Outside or in-house counsel for any party to the above-captioned litigation, including all employees of said counsel's law department or law firm involved in the prosecution or defense of the above-entitled case, such as (without limitation) permanent and temporary attorneys, contract attorneys, paralegal assistants, stenographic, and clerical employees;

b. Those persons retained by any party herein for the purpose of furnishing consulting services (such as non-retained experts) and/or for giving expert testimony in this matter. Before disclosing any Confidential Information of another Designating Party to any expert or consultant retained by any party herein (the "Retaining Party"), the Retaining Party's attorney shall show any such expert or consultant a copy of this Protective Order. The expert or consultant shall sign the declaration, attached hereto as Appendix A (the "Declaration"), agreeing to be bound by and to its terms. The Retaining Party shall maintain all signed, original declarations.

c. Party employees or officers whose job responsibilities relate directly to the matters at issue in the above-entitled action and whose review of the Confidential Information is necessary and proper to assist the party in preparation for trial, trial, and/or settlement of this action and who are bound by internal

confidentiality obligations as party of their employment or who have signed the declaration, attached hereto as Appendix A; and

d. This Court and its personnel including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court during this litigation.

e. The author and recipients of the document or the original source of the information.

**7. DISCLOSURE OF ATTORNEYS' EYES ONLY INFORMATION**

Confidential Information that contains highly sensitive proprietary, financial, or trade secret information, such as technical data, future marketing plans, customer lists, customer information, costs, future products, and profit information, or other such material that would cause competitive damage if it were to be disclosed to another party, may be marked as "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER." Unless otherwise ordered by the court or permitted in writing by the Designating Party, a receiving party may disclose any information or item designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" only to the persons identified in sections 6(a), (b), (d) and (e) above, subject to the requirements and conditions in those sections. An expert shall not attach any Confidential Information designated under this section to any report nor reproduce the Confidential Information in whole or in part within any report unless such report is submitted under seal.

**8. STORAGE OF PROTECTED MATERIALS**

Each party shall take reasonable measures in storing Protected Materials to limit access to those persons who are authorized under the terms of this Protective Order to inspect, review, or receive such Protected Material and any documents

containing said Protected Material.

**9. EXCLUSIONS**

Whenever Protected Material is to be disclosed in a deposition or other hearing or proceeding, any party claiming that the information is confidential may exclude from the room any person, other than persons designated in paragraphs 6 and 7 of this Protective Order, and in the case of Confidential-Attorneys' Eyes Only information, any person other than counsel, the deponent, and court and video reporters may be excluded, for that portion of said deposition, hearing or proceeding. The failure of the person to comply with a request of exclusion shall constitute substantial justification for counsel to instruct the witness not to answer the question. Nothing in this Protective Order shall limit any party from introducing Protected Material into evidence at trial, subject to the introducing party informing the Designating Party of its intent to do so and subject to the Designating Party's right to seek further protection from the Court.

**10. MODIFICATION**

Any party may apply to the Court, for good cause, at any time for an order modifying the terms of this Protective Order. Conversely, any party may apply to the Court for a supplementary protective order.

**11. RETURN OF PROTECTED MATERIAL**

Upon request, within thirty (30) business days after (1) the entry of a final judgment no longer subject to appeal on the merits of this case or (2) settlement of the claims between the parties, each party herein shall return to the producing party all produced Documents, and copies thereof, that have been designated confidential, or shall certify that all such Documents and copies have been destroyed, or such other procedure agreed upon by the party's counsel.

**12. CHALLENGING CONFIDENTIALITY DESIGNATIONS**

Each party herein reserves the right to dispute the confidential status claimed by any other party in accordance with this Protective Order, and a failure to do so

shall not preclude a subsequent challenge to such designation, which may be made at any stage of this proceeding. An untimely designation of Confidential Information by a Designating Party shall not require any other party to take any special action, including, without limitation, recalling the information from third parties. Nor shall the possession of untimely designated Confidential Information or Attorneys' Eyes Only information by third parties constitute a violation of this Protective Order, provided the information was already in the possession of those third parties before it was designated Confidential Information or Attorneys' Eyes Only information. If any party believes that any Confidential or Attorneys' Eyes Only information has been designated inappropriately by another party or witness, the party shall, in writing, inform counsel for the party claiming confidentiality. If the party claiming confidentiality does not agree to re-designate the Confidential Information or Attorneys' Eyes Only information as non-confidential within ten (10) business days of receipt of the writing from opposing counsel, the party challenging the designation may file an appropriate motion before the Court that complies with L.R. 37. This Protective Order shall apply to the disputed Confidential Information until the motion is decided.

**13. INADVERTENT DISCLOSURES**

The inadvertent production of any Confidential Information lacking the physical designation "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER" shall be without prejudice to any subsequent claim that such material is confidential, and no party shall be held to have waived any rights by such inadvertent production, including the party's rights under Rule 26(c) of the Federal Rules of Civil Procedure. Upon written demand of the producing party or non-party, all copies of any Confidential Information lacking the physical designation "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY – SUBJECT TO

PROTECTIVE ORDER" shall be returned immediately to the producing party. The producing party then will supply to each of the other parties a copy of the Confidential Information properly designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER."

**14. <u>INADVERTENT PRODUCTION OF PRIVILEGED DOCUMENTS</u>**

The inadvertent production of any privileged Document or any Document protected from discovery by the work product doctrine shall be without prejudice to any subsequent claim that such Document is privileged or protected from discovery by the work product doctrine, and no party shall be held to have waived any rights by such inadvertent production. Upon written demand of the producing party or non-party, all copies of the inadvertently produced Document shall be returned to the producing party.

**15. <u>MISCELLANEOUS</u>**

15.1 <u>Disclosure of Party's Own Protected Material</u>. Nothing in this Protective Order restricts any party from using or disclosing its own Confidential Information for any purpose. This Protective Order also does not apply to information that was lawfully in the possession of a third party or in the public domain before the date of entry of this Protective Order.

15.1 <u>Subpoena</u>. In the event any person or party having possession, custody, or control or knowledge of any materials designated under this Protective Order receives a subpoena or other process or order directed to such materials, such person or party shall promptly notify, by email, counsel for the party who produced the confidential information sought by such subpoena or other process or order; shall furnish that counsel with a copy of the subpoena or other process or order; and shall cooperate reasonably with respect to any procedure sought to be pursued by the producing party whose interests may be affected. The person or

party receiving the subpoena or other process or order shall be entitled to comply with it, except to the extent the Designating Party is successful in obtaining from a court of competent jurisdiction an order modifying or quashing it.

15.2 Duration. This Order shall govern the production and disclosure of all Protected Material produced or disclosed in this case, both before and after the entry of this Order. The provisions of this Protective Order shall continue to be binding after the conclusion of this litigation, except that any party may seek the written permission of the Designating Party or further order of the Court with respect to dissolution or modification of the Protective Order.

15.3 Jurisdiction. This Court shall have continuing jurisdiction to enforce the provisions of this Protective Order. The parties agree that disclosure or use inconsistent with the terms of this Protective Order of any Protected Material would give rise to irreparable injury to the disclosing party.

SO STIPULATED AND AGREED.

Dated: March 2, 2015 **FOLEY BEZEK BEHLE & CURTIS, LLP**

By: */s/ Roger N. Behle, Jr.*
Roger N. Behle, Jr.
Justin P. Karczag
Kevin D Gamarnik
Attorneys for Plaintiff John D. Thomson

Dated: March 2, 2015 **GORDON & REES LLP**

By: */s/ Richard P. Sybert*
Richard P. Sybert
Holly L.K. Heffner
Justin H. Aida
Attorneys for Defendant Torrance Memorial Medical Center

Dated: March 2, 2015

**COLLINS COLLINS MUIR + STEWART LLP**

By: */s/ James C. Jardin*
Michele L. Gamble
James C. Jardin
Attorneys for Defendant HMC Architects

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: March 5, 2015

/s/
Hon. Victor B. Kenton
United States Magistrates Judg

## APPENDIX A

I, ______________________________________state that:

1. My address is____________________________________________

_________________________________________________________________.

2. I have received a copy of the Protective Order in THOMSON v. HMC GROUP, et al., CV 13-03273 DMG (VBKx), before the United States District Court for the Central District of California.

3. I have carefully read and understand the provisions of the Protective Order. My staff and I will comply with all of its provisions, including (a) holding in confidence and not disclosing to anyone not qualified under the Protective Order, any information designated "Confidential Information" or "Confidential Information — Attorney's Eyes Only," or any words, substances, summaries, abstracts, or indices of such information, or copies thereof, or knowledge deriving therefrom, which come into my possession and documents or things which I have prepared relating thereto, except to counsel for the party by whom I am retained, and (b) using the foregoing solely for purposes of this proceeding, and not for any present or future business, competitive, or governmental purpose or function. I agree to return all copies of Confidential Information to the attorney from whom I received it, within ten business days of receipt.

4. I hereby consent to be subject to personal jurisdiction of the United States District Court for the Central District of California and any appellate court involved in this proceeding in respect to any proceeding relating to the enforcement of the Protective Order, including any proceedings relating to contempt of Court.

Date ______________ By ________________________________